# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT MARTIN,** | ) | CASE NO. 1: 18 CV 2383 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| **DR. GRANDSON,** *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This case is yet another attempt by Plaintiff Robert Martin, a state inmate serving a life sentence for murder, to pursue an *in forma pauperis* civil action in federal court. In an initial Complaint and an Amended Complaint, the Plaintiff complains in this case (as he has in prior cases) about the medical treatment he has received for ongoing health issues while incarcerated, including most recently for breathing problems, as well as other conditions of his confinement. (Doc. Nos. 1, 4.) He has also filed a "Motion for TRO to Prevent Imminent

Danger from Retrolaw Usage." (Doc. No. 5.)

Under the three strikes rule set out in 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal *in forma pauperis* if he has on three or more prior occasions while incarcerated brought a federal court action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner demonstrates he was under "imminent danger of physical injury." 28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008). To qualify for the exception, a plaintiff must plead sufficient "facts from which a court, informed by its judicial experience and common sense, could draw a reasonable inference" that he was under a real and proximate danger of serious physical injury at the time his complaint was filed. *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Past allegations of danger, as well as allegations that are conclusory, ridiculous, or "clearly baseless" do not suffice to allege imminent harm. *Rittner,* 290 F. App'x at 798.

Plaintiff is a documented, frivolous filer in federal court with far more than three prior actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See e.g., Martin v. PNC Capital Investment Advisors, et al.*, Case No. 16 CV 1828 (N.D. Ohio Sept. 7, 2016) (citing prior dismissed federal cases brought by the Plaintiff).

The Court does not find the Plaintiff qualifies for the imminent danger exception to the three-strikes rule. The Plaintiff contends in conclusory fashion that he is in "imminent danger to well-being to pain and suffering from fear of contracting cancer through delayed medical treatment" and for other reasons (*i.e.*, "retaliation for filing grievances," "using exempt funds without a preceding hearing," "indifference to give unbiased medical help," and "refusal to

pay interest earned"), *see* Doc. No. 1 at 7, ¶ 12, but his allegations do not permit a reasonable inference that he was under any real and proximate danger of serious physical injury at the time he filed his Complaint. His Complaint indicates he has in fact received medical treatment while incarcerated for various health problems over years, including being seen and treated for his more recent alleged breathing problems. Although he is dissatisfied with the treatment he has been provided, his allegations are insufficient to demonstrate "imminent danger of physical injury" for purposes of the three-strikes rule. Nor has the Plaintiff demonstrated any valid basis for the issuance of a Temporary Restraining Order.

Accordingly, the Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) and his Motion for a TRO (Doc. No. 5) are both denied, and this action is dismissed without prejudice under the three-strikes rule. If the Plaintiff wishes to re-file this case, he must pay the full filing fee of $400 and file a Motion to Re-Open within thirty (30) days of this Order. The Clerk's Office is directed not to accept a Motion to Re-Open unless it is accompanied by the full filing fee. No other documents will be accepted for filing unless the entire filing fee is paid and the Motion to Re-Open is granted.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                            **s/ Christopher A. Boyko**
                                            **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**

**Dated:** December 21, 2018